[840 NYS2d 572]

In the Matter of JAVIER R., an Infant. ROBERT R., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent, et al., Respondent.

First Department, June 21, 2007

### APPEARANCES OF COUNSEL

*Randall S. Carmel*, Syosset, for appellant.

*Michael A. Cardozo, Corporation Counsel*, New York City (*Scott Shorr* and *Barry P. Schwartz* of counsel), for municipal respondent.

*Tamara A. Steckler, The Legal Aid Society*, New York City (*Lisa B. Freedman* and *Kevin Lapp* of counsel), *Law Guardian*.

### OPINION OF THE COURT

McGuire, J.

We break no new ground in observing that we have the power to resolve the merits of this appeal only if an actual controversy between the parties exists (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 713 [1980]). Whether there is a justiciable controversy in this case, however, presents an issue this Court has not

previously addressed. We conclude that the controversy between the parties that once existed has become moot.

The order appealed from denied the applications pursuant to Family Court Act § 1028 of the appellant, respondent father Robert R., and respondent mother Melinda R., the parents of Javier R., for the return of Javier R. to their care and custody following his temporary removal pursuant to a prior order of Family Court. During the pendency of the appeal by Robert R., however, Family Court granted the motion of Melinda R. to modify the order denying their applications pursuant to section 1028 and paroled Javier R. to the custody of his parents. Because appellant has received the very relief he would have received if the section 1028 applications had been granted, this appeal would appear to be moot (*see Matter of Pyramid Co. of Watertown v Planning Bd. of Town of Watertown*, 34 AD3d 1306 [2006] [during pendency of appeal from contempt adjudication the contempt was purged; "(b)ecause the contempt has been purged . . . , the appellants are no longer aggrieved and the issues raised on these appeals therefore are moot"]; *cf. Matter of Chantel Nicole R.*, 34 AD3d 99, 106 [2006] ["(h)aving sought and received a hearing, respondent has obtained the full relief she sought and is not aggrieved by the order"], *appeal dismissed* 8 NY3d 840 [2007]).

Appellant contends otherwise, arguing that the underlying finding of imminent risk to the child's life or health in the event of return to the parents entails significant stigma that "has the potential to impact negatively on potential future proceedings." The principal authorities appellant cites in support of his contention are *Matter of H. Children* (156 AD2d 520 [1989]) and *Matter of C. Children* (249 AD2d 540 [1998]). The Second Department's decision in *Matter of H. Children*, however, is distinguishable. There, the appellant mother had appealed from a dispositional order, which, after a hearing, found that she had neglected her children (156 AD2d at 520). In turn, such a finding necessarily entails either a finding that the parent or guardian has "fail[ed] . . . to exercise a minimum degree of care" (Family Ct Act § 1012 [f] [i]) or that the child "has been abandoned" by the parent or guardian (Family Ct Act § 1012 [f] [ii]). By contrast, no such fault-based finding about the parent or guardian is essential to the denial of an application pursuant to section 1028 for the return of a temporarily removed child.

*Matter of C. Children,* on the other hand, is not distinguishable. There, as here, the appellant parents pressed an appeal

from an order denying their application pursuant to section 1028 for the return of their children even though the children were returned to their home after the order was issued. A panel of the Second Department concluded that the appeal was not moot, reasoning that

> "the underlying finding that there would have been imminent risk to the children's life or health in the event they were returned to the parents . . . constitutes a 'permanent and significant stigma' which 'might indirectly affect the [parents'] status in potential future proceedings' (*Matter of H. Children*, 156 AD2d 520)" (249 AD2d at 540).

We respectfully disagree with that conclusion.

First, the rationale of *Matter of C. Children* is at odds with the principle that "[i]n general an appeal will be considered moot unless the rights of the parties will be *directly affected* by the determination of the appeal and the interest of the parties is an *immediate consequence* of the judgment" (*Matter of Hearst Corp.*, 50 NY2d at 714 [emphasis added]). To permit the continued prosecution of appeals from orders denying section 1028 applications in these circumstances would be imprudent because it would result in the consumption of scarce judicial resources to protect against remote and speculative possibilities of future harm: the possibility that there might be a future proceeding against the appellant and the possibility that in such a proceeding the judge, for some unexplained reason, might hold it against the appellant that an application to return the child was denied even though the same application was subsequently granted.

*Matter of C. Children* also is at odds with *Matter of Anonymous v New York City Health & Hosps. Corp.* (70 NY2d 972 [1988]). In *Anonymous*, the petitioner challenged her continued retention after involuntary commitment to a psychiatric facility pursuant to Mental Hygiene Law § 9.27 (*id.* at 973). Although the trial court had directed the petitioner's release, this Court stayed that order pending the determination of the appeal by the facility (132 AD2d 340, 360 [1987]). Reversing the trial court, this Court found that the petitioner "was mentally ill and that her condition had deteriorated to the point where she was in immediate danger of serious harm" (70 NY2d at 974). Following the petitioner's appeal as of right to the Court of Appeals, a motion in the Court of Appeals confirmed that petitioner had been released from the facility (*id.*). Accordingly, the Court

dismissed the appeal, stating that "[w]here, as here, a change in circumstances resolves the matter and no controversy remains, the appeal should be dismissed as moot" (*id.*).

To be sure, the Court's opinion makes no mention of possible adverse consequences to the petitioner on account of the findings that she was mentally ill. Suffice it to say, however, appellant's reliance on the possibility that he might be stigmatized in a future proceeding is difficult to reconcile with the holding in *Anonymous*. Surely the finding by this Court in *Anonymous* that the petitioner was mentally ill is at least as stigmatizing as the finding in this case—that the return of Javier R. would "present[ ] an imminent risk to the child's life or health" (Family Ct Act § 1028 [a])—and presents at least as much potential for harm in possible future proceedings.

Appellant's position also is inconsistent with *Matter of Nicholas B.* (26 AD3d 764 [2006]). There, too, the appellant father appealed from an order denying his application for the return of his child pursuant to Family Court Act § 1028. After that order had been issued, however, Family Court adjourned the matter in contemplation of dismissal of the underlying neglect petition against the father. For this reason, the Fourth Department concluded that "[t]he appeal must be dismissed as moot" (*id.*). But under the approach for which appellant contends, the appeal should not have been dismissed. Rather, the potential stigmatizing effects of the denial of the section 1028 application would be sufficient to save the appeal from dismissal on mootness grounds.

A central defect in appellant's position is that its rationale proves too much. Under that rationale, the denial of a section 1028 application would not be rendered moot by any subsequent finding in the underlying neglect proceeding, not by a finding that the parent did neglect the child and not by a finding that the parent did not neglect the child. In either event, the parent could argue that the appeal from the denial of the application is not moot because the denial could potentially stigmatize the parent in a future proceeding. At least in the former context, where the parent is found to have neglected the child, the law is clear that such a finding renders moot the prior denial of a section 1028 application (*see e.g. Matter of Jabarry W.*, 24 AD3d 218 [2005], *lv denied* 6 NY3d 711 [2006]; *Matter of Melody B.*, 234 AD2d 1005 [1996], *lv dismissed* 90 NY2d 888 [1997]).

Accordingly, the appeal from an order of the Family Court, New York County (Rhoda J. Cohen, J.), entered on or about January 31, 2006, which, after a hearing, denied an application for return of the child to the parental home, should be dismissed, without costs.

SAXE, J.P., FRIEDMAN, SWEENY and MALONE, JJ., concur.

Appeal from order, Family Court, New York County, entered on or about January 31, 2006, dismissed, without costs.