■ In the Matter of GANNETT Co., INC., Petitioner, v CRAIG J. DORAN, Ontario County Court Judge, Respondent. [903 NYS2d 634]—

Proceeding pursuant to CPLR article 78 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department pursuant to CPLR 506 [b] [1]) seeking, inter alia, to compel respondent to release the transcripts of a *Sandoval* hearing in a criminal action.

It is hereby ordered that said petition is unanimously dismissed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding in this Court pursuant to CPLR 506 (b) (1), seeking to annul the determination of respondent that, inter alia, excluded the press and the public from the courtroom during a pretrial *Sandoval* hearing in a criminal action, and seeking the immediate release of the transcript from that hearing. Petitioner alleged that respondent exceeded his authority by, inter alia, denying its request for an adjournment to enable petitioner's counsel to appear in order to oppose the closure of the courtroom, in failing to notify the press that the courtroom would be closed, and in failing to make specific findings on the record to support the closure of the courtroom. We conclude that the instant proceeding is moot and does not fall within the exception to the mootness doctrine, inasmuch as the underlying criminal action has long since been concluded and an unredacted transcript of the closed pretrial *Sandoval* hearing was furnished to petitioner by the time petitioner commenced this proceeding (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]; *Matter of Daily Gazette Co. v Lomanto*, 263 AD2d 811 [1999]).

Under the three-prong exception to the mootness doctrine set forth in *Matter of Hearst Corp.* (50 NY2d at 714-715), a case that is moot may nonetheless be considered on the merits where it is demonstrated that there is: "(1) a likelihood of repetition, either between the parties or among other members of the public; (2) a phenomenon typically evading review; and (3) a showing of significant or important questions not previously passed on, i.e., substantial and novel issues" (*see generally Matter of Codey [Capital Cities, Am. Broadcasting Corp.]*, 82 NY2d 521, 527-528 [1993]; *Matter of Schermerhorn v Becker*, 64 AD3d 843, 845 [2009]). Here, the petition "presents no questions the fundamental underlying principles of which have not already been declared by [the courts of this state]" (*Hearst Corp.*, 50 NY2d at 715), and thus petitioner failed to establish the applicability of the third prong of the three-prong exception to the mootness doctrine, i.e., that this proceeding presents a novel issue. Indeed, the Court of Appeals has specifically recognized that the public's First Amendment right of access to criminal

trials extends to *Sandoval* hearings (*see Matter of Capital Newspapers Div. of Hearst Corp. v Clyne*, 56 NY2d 870, 873 [1982]), and the Court of Appeals outlined the procedures that a court must follow before closing a criminal proceeding to the public in *Matter of Gannett Co. v De Pasquale* (43 NY2d 370 [1977], *rearg denied* 43 NY2d 846 [1978], *affd* 443 US 368 [1979]), and *Matter of Westchester Rockland Newspapers v Leggett* (48 NY2d 430 [1979]). In the absence of an exception to the mootness doctrine, we have no discretion to reach the merits of the petition (*see Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 810-811 [2003], *cert denied* 540 US 1017 [2003]; *Wisholek v Douglas*, 97 NY2d 740, 742 [2002]). Present—Scudder, P.J., Peradotto, Lindley, Green and Gorski, JJ.