Appeal from an order of the Family Court, Niagara County (John F. Batt, J), entered August 9, 2011 in a proceeding pursuant to Family Court Act article 10. The order denied the application of respondent Lynn H. for the return of the subject children who were temporarily removed from her custody.
It is hereby ordered that said appeal is unanimously dismissed without costs.
Memorandum: Respondent mother appeals from an order that denied her application pursuant to Family Court Act § 1028 for the return of her children to her care and custody following their temporary removal pursuant to a prior order of Family *1247 Court. We dismiss the appeal because a final order of disposition was entered during the pendency of the appeal, finding that the children are neglected and placing them in petitioner’s custody, and thus the appeal has been rendered moot (see Matter of Melody B., 234 AD2d 1005, 1005 [1996], lv dismissed 90 NY2d 888 [1997]; see generally Matter of Kiearah P., 46 AD3d 958, 959 [2007]; Matter of Nicholas B., 26 AD3d 764, 764 [2006]). We note in any event that the appeal is moot for the further reason that the order of disposition expired and the children were returned to the mother’s custody during the pendency of this appeal (see Kiearah P., 46 AD3d at 959; Matter of Javier R., 43 AD3d 1, 3 [2007]). Contrary to the mother’s contention, this case does not fall within the exception to the mootness doctrine (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]; Matter of Gannett Co., Inc. v Doran, 74 AD3d 1788, 1789 [2010]). The mother contends on appeal that the court lacked an adequate basis for denying her Family Court Act § 1028 application. There is no likelihood of repetition with respect to that issue because, although there may be additional Family Court Act § 1028 hearings with respect to this family (see generally § 1028 [a]), the circumstances to be addressed in each application are fact-specific; the issue raised does not typically evade review (see generally §§ 1028, 1112); and the issue raised is not substantial or novel (see generally Matter of McGrath, 245 AD2d 1081, 1082 [1997]). Present—Smith, J.P., Peradotto, Lindley, Whalen and Martoche, JJ.