Matter of O'Brien v Brenda H. (2023 NY Slip Op 03617)

Matter of O'Brien v Brenda H.

2023 NY Slip Op 03617

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, CURRAN, BANNISTER, AND GREENWOOD, JJ.

438 CA 22-01471

[*1]IN THE MATTER OF MARK O'BRIEN, LCSW-R, DIRECTOR OF COMMUNITY SERVICES FOR THE COUNTY OF ERIE, PETITIONER-RESPONDENT,
v
BRENDA H., RESPONDENT-APPELLANT. 

BRENDA H., RESPONDENT-APPELLANT PRO SE.
MICHAEL A. SIRAGUSA, COUNTY ATTORNEY, BUFFALO (MORGANN K. OBROCHTA OF COUNSEL), FOR PETITIONER-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered July 8, 2022. The order denied the application of respondent to, inter alia, stay a prior amended order. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: In this Mental Hygiene Law § 9.60 proceeding, respondent, pro se, appeals from an order that denied her application seeking, inter alia, to stay a prior amended order that, among other things, directed that she receive assisted outpatient treatment (AOT) for a period of six months (AOT order).
We dismiss the appeal as moot. It is well settled that "an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]; see Matter of Buffalo Teachers Fedn., Inc. [Board of Educ. of the Buffalo Pub. Schs.], 179 AD3d 1553, 1554 [4th Dept 2020]). Here, the AOT order expired by its own terms on November 5, 2022. Thus, adjudication of the merits will not "result in immediate and practical consequences to the parties" (Coleman v Daines, 19 NY3d 1087, 1090 [2012]; see City of New York v Maul, 14 NY3d 499, 507 [2010]; Matter of Yuri M. [Karpati], 107 AD3d 999, 1000 [2d Dept 2013]). Contrary to respondent's contention, we conclude that the exception to the mootness doctrine does not apply in this case (see Matter of Belkin v Aleksander Z., 189 AD3d 1032, 1032 [2d Dept 2020]; Matter of Michael P. [Perlman], 131 AD3d 1062, 1063 [2d Dept 2015]; see generally Matter of Gannett Co.,
Inc. v Doran, 74 AD3d 1788, 1789 [4th Dept 2010]).
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court