Matter of A.K. (A.B.) (2025 NY Slip Op 06906)

Matter of A.K. (A.B.)

2025 NY Slip Op 06906

Decided on December 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 11, 2025

Before: Kern, J.P., Friedman, Rodriguez, Pitt-Burke, Rosado, JJ. 

Docket No. NN-07552/24|Appeal No. 5360|Case No. 2025-01030|

[*1]In the Matter of A.K., Jr., A Child Under Eighteen Years of Age, etc., A.B., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent, A.K.L., Respondent-Respondent.

Neighborhood Defender Service of Harlem, New York (Michael Weinstein of counsel), for, appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Lauren L. O'Brien of counsel), for Administration for Children's Services, respondent.
Karen Freedman, Lawyers for Children, New York (Shirim Nothenberg of counsel), attorney for the child.

Appeal from order, Family Court, New York County (Janet L. McFarland, J.), entered on or about February 13, 2025, which, after a permanency hearing, continued the subject child's placement in the custody of the Commissioner of Social Services until the completion of the next permanency hearing on July 7, 2025, unanimously dismissed, without costs, as moot.
Petitioner mother's appeal from Family Court's February 13, 2025 permanency hearing order has been rendered moot by the fact that the order appealed from was superseded by the February 21, 2025 order releasing the child to the mother's care (see Matter of Breeyanna S., 52 AD3d 342, 342 [1st Dept 2008], lv denied 11 NY3d 711 [2008]; Matter of Jabarry W., 24 AD3d 218, 219 [1st Dept 2005], lv denied 6 NY3d 711 [2006]). The mother received the very relief she would have received if her oral application during the February 11, 2025 permanency hearing for termination of the child's foster care placement and return to the mother's care and custody had been granted (see Matter of Javier R. [Robert R.], 43 AD3d 1, 3 [1st Dept 2007]).
Contrary to the contention of the mother and the attorney for the child, this matter does not warrant invoking an exception to the mootness doctrine (see Matter of Kayla C. [Stephanie C.], 187 AD3d 434 [1st Dept 2020], lv dismissed 36 NY3d 1073 [2021]). The record does not demonstrate that the issue raised below is likely to recur, or that it is sufficiently substantial or novel to warrant hearing the appeal despite its mootness (In the Matter of Joshua J. [Tameka J.], _NY3d_, 2025 NY Slip Op 03010, *3 [2025]). Moreover, the issue is not one that typically evades review because a respondent parent may seek expedited review of permanency orders under Family Court Act § 1121 (see id. at *5 [internal quotation marks omitted]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 11, 2025