08-4636-cv
Green v. Mattingly

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term 2009

(Argued: October 7, 2009                    Decided: October 21, 2009)

Docket No. 08-4636-cv

SHARICE GREEN, individually and on behalf of her minor child T.C.,

*Plaintiff-Appellant,*

v.

JOHN B. MATTINGLY, individually and as Commissioner, BENJAMIN WILLIAMS, individually and as supervisor, RUSSELL BANKS, individually and as manager, DANIELLE SALADINO, individually and as caseworker, CITY OF NEW YORK,

*Defendants-Appellees.*

Before: MINER and CABRANES, *Circuit Judges*, and RAKOFF, *District Judge.*[*]

Appeal from an August 25, 2008 judgment of the United States District Court for the

Eastern District of New York (Eric N. Vitaliano, *Judge*).  Plaintiff-appellant Sharice Green brought

this action on behalf of herself and her child claiming that defendants-appellees violated the United

States Constitution and New York law when they successfully petitioned the Family Court of the

State of New York for an order temporarily removing plaintiff's child from her custody.  The

District Court dismissed the bulk of plaintiff's claims under the *Rooker-Feldman* doctrine on the

ground that they complained of injuries caused by a state court judgment.  We vacate the District

Court's dismissal and hold that the *Rooker-Feldman* doctrine does not apply here.  Because the Family

---

[*] The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

1

Court issued a superseding order returning plaintiff's child to her custody, and because the Family Court proceedings were eventually dismissed, plaintiff was not a "state-court loser" and, in addition, her claims do not "invite district court review and rejection" of a state court judgment.

We also vacate the District Court's decision not to exercise supplemental jurisdiction. We affirm the District Court's dismissal of plaintiff's malicious prosecution claims and its denial of leave to amend.

Vacated in part, affirmed in part, and remanded.

> CAROLYN A. KUBITSCHEK, Lansner & Kubitschek, New York, NY, *for plaintiff-appellant.*
>
> TAHIRIH M. SADRIEH (Edward F.X. Hart, Elizabeth A. Wells, *of counsel*) for Michael A. Cardozo, Corporation Counsel of the City of New York, *for defendants-appellees.*

JOSÉ A. CABRANES, *Circuit Judge*:

Plaintiff-appellant Sharice Green ("plaintiff" or "Green") brought this action on behalf of herself and her child claiming that defendants-appellees violated the United States Constitution and New York law when they successfully petitioned the Family Court of the State of New York ("Family Court") for an order temporarily removing plaintiff's child from her custody. The District Court dismissed the bulk of plaintiff's claims under the *Rooker-Feldman* doctrine on the ground that they complained of injuries caused by a state-court judgment.

We are once against presented with the task of defining the scope of the *Rooker-Feldman* doctrine, a bundle of rules named after the Supreme Court's decisions in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). We must determine here whether the *Rooker-Feldman* doctrine bars 42 U.S.C. § 1983 claims based on allegations of

injuries caused by an interlocutory order of the Family Court that temporarily removed plaintiff's child from her custody. Because the Family Court issued a superseding order returning plaintiff's child to her, and because the Family Court proceedings were ultimately dismissed, we conclude that plaintiff was not a "state-court loser[ ]" and, in addition, her § 1983 claims do not "invit[e] district court review and rejection" of a state court "judgment." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005). Accordingly, we hold that the *Rooker-Feldman* doctrine does not bar plaintiff's claims in this action.

## BACKGROUND

The following facts are drawn from the complaint or from documents incorporated by reference in the complaint and are, at this stage of the litigation, presumed to be true. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002).

Green lived with her infant child, T.C., in a shelter operated by the New York City Department of Homeless Services. Green and her husband, Alex Claiborne ("Claiborne"), had some domestic disputes, but after his completion of various counseling programs, Claiborne also moved into the shelter with plaintiff and her child. After about three months of peaceful co-habitation, one day while Green was out, Claiborne slapped T.C. in the face. Upon returning to the shelter and learning of Claiborne's actions, Green called the police, and Claiborne was arrested.

Staff at the shelter reported the incident to the State Central Register of Child Abuse and Maltreatment, and the report was transmitted to defendant John B. Mattingly, Commissioner of the New York City Administration for Children's Services ("ACS"). Mattingly assigned defendant Danielle Saladino, a child protection specialist, and two supervisors, defendants Benjamin Williams and Russell Banks, to investigate. Following their investigation, ACS officials brought child neglect

3

proceedings in the Family Court, on January 31, 2006, naming both Claiborne and Green as respondents.

On that same day, a hearing was held in Family Court in which the Legal Aid Society appeared as appointed law guardian for T.C. and Saladino appeared on behalf of ACS. Green did not attend the hearing. Saladino told the Family Court that she had left messages for Green at the shelter. Green says that she received no messages.

Green alleges that Saladino made false statements in the neglect petition and at the Family Court hearing. Green also alleges that Saladino sought the removal of T.C. from her custody even though Saladino had no probable cause to believe that T.C. was in immediate danger. In any event, the Family Court issued an order temporarily removing T.C. from Green's custody and remanding T.C. to the custody of ACS.

Green immediately petitioned for the return of T.C. and, four days after the initial hearing, a second hearing was held at which Green appeared and testified on her own behalf. At the conclusion of the hearing, the Family Court found that "the child should be returned home because no imminent risk to the child's life or health has been demonstrated." The Family Court issued an order returning T.C. to Green, although the neglect proceedings remained open.

After Green moved, unsuccessfully, to dismiss the neglect petition, Green and ACS agreed to adjourn the Family Court proceedings for twelve months and, if Green followed certain conditions over the twelve-month period, to dismiss the neglect petition. The Family Court thus issued an order providing for "adjournment in contemplation of dismissal," and the petition was automatically dismissed twelve months later.

Green then brought this action in the United States District Court for the Eastern District of New York, claiming that defendants had violated the U.S. Constitution and New York law by making false statements to the Family Court and by petitioning for the removal of T.C. without

4

probable cause.  She also alleged that defendants were liable for malicious prosecution in instigating and pursuing the Family Court proceedings and that the City of New York was liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), because defendants had sought the removal of T.C. pursuant to a practice or policy of ACS.

After amending her complaint once, Green sought leave to amend her complaint a second time to add claims of willful abuse of civil process under § 1983 and state law, but the District Court (Eric N. Vitaliano, *Judge*) granted leave to amend only with respect to the state-law claim.  The District Court found that an amendment adding a claim of willful abuse of civil process under § 1983 would be futile because such claims are not recognized in this Circuit.

Defendants then moved to dismiss the complaint for failure to state a claim upon which relief can be granted, *see* Fed. R. Civ. P. 12(b)(6), and the District Court granted the motion in its entirety.  With respect to Green's claims relating to the four-day removal of T.C. pursuant to the Family Court's order, the District Court found that it lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine.  With respect to Green's claims of malicious prosecution, the District Court found that Green had failed to state claims upon which relief can be granted because she had failed to allege that the Family Court proceedings were terminated in her favor, a necessary element of a malicious prosecution claim.  Finally, the District Court dismissed Green's *Monell* claims on the ground that she had "failed to state a claim alleging a violation of a constitutional right over which [the District Court had] jurisdiction."  The District Court declined to exercise supplemental jurisdiction over Green's remaining state-law claims on the ground that no federal claims remained in the litigation.

5

**DISCUSSION**

On appeal here, plaintiff argues that the District Court erred by (1) dismissing her claims related to the removal of her child under the *Rooker-Feldman* doctrine, (2) dismissing her claims for malicious prosecution for failure to state a claim upon which relief can be granted, (3) declining to grant her leave to amend her complaint to add a § 1983 claim for malicious abuse of civil process, and (4) declining to exercise supplemental jurisdiction over her remaining state-law claims.

**I.      Dismissal Under the *Rooker-Feldman* Doctrine**

We review *de novo* the District Court's dismissal under the *Rooker-Feldman* doctrine, *Hoblock*, 422 F.3d at 83, and conclude that the District Court erred in finding that the *Rooker-Feldman* barred its jurisdiction over plaintiff's claims.

**A.      The Four Requirements of the *Rooker-Feldman* Doctrine**

"Underlying the *Rooker-Feldman* doctrine is the principle, expressed by Congress in 28 U.S.C. § 1257, that within the federal judicial system, only the Supreme Court may review state-court decisions." *Hoblock*, 422 F.3d at 85. There was a time when this Circuit applied the *Rooker-Feldman* doctrine "expansively," viewing it as "effectively coextensive with [the] doctrines of claim and issue preclusion." *Id.* at 84 (citing *Moccio v. N.Y. State Office of Court Admin.*, 95 F.3d 195, 199-200 (2d Cir. 1996)). At that time, we held that the *Rooker-Feldman* doctrine applied both to final state court judgments and to interlocutory state court orders. *See Campbell v. Greisberger*, 80 F.3d 703, 707 (2d Cir. 1996) ("It cannot be the meaning of *Rooker-Feldman* that, while the inferior federal courts are barred from reviewing *final* decisions of state courts, they are free to review interlocutory orders.").

Much of our prior case law, however, was abrogated by *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005). *See Hoblock*, 422 F.3d at 85 (noting that *Exxon Mobil* overturned this Circuit's *Rooker-Feldman* standard). Cautioning that the *Rooker-Feldman* doctrine is meant to

6

occupy "narrow ground," the Supreme Court in *Exxon Mobil* held that the doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil*, 544 U.S. at 284.

In the wake of *Exxon Mobil*, we revisited our prior precedents and held that there are four "requirements" that must be met before the *Rooker-Feldman* doctrine applies:

> First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must "complain[ ] of injuries caused by [a] state-court judgment[.]" Third, the plaintiff must "invite district court review and rejection of [that] judgment[ ]." Fourth, the state-court judgment must have been "rendered before the district court proceedings commenced"—i.e., *Rooker-Feldman* has no application to federal-court suits proceeding in parallel with ongoing state-court litigation.

*Hoblock*, 422 F.3d at 85 (alterations in original) (quoting *Exxon Mobil*, 544 U.S. at 284). We noted that the first and fourth requirements "may be loosely termed procedural," while the second and third requirements "may be termed substantive." *Id.*

**B.     The *Rooker-Feldman* Requirements Applied to This Case**

Insofar as plaintiff seeks to recover for injuries sustained during the four-day period in which her child was removed from her custody, plaintiff's claims meet at least one of the *Rooker-Feldman* requirements by "complaining of an injury" caused by a state-court order. *Hoblock*, 422 F.3d at 87. The alleged injuries from the removal of plaintiff's child did not exist "prior in time to the state-court proceedings;" rather, they were "caused by" the Family Court's temporary removal order. *McKithen v. Brown*, 481 F.3d 89, 98 (2d Cir. 2007) (emphasis omitted).

Nevertheless, the *Rooker-Feldman* doctrine does not bar jurisdiction in this action because plaintiff's claims do not meet at least two of the *Rooker-Feldman* requirements:  plaintiff did not lose

7

in state court and plaintiff does not "invite district court review and rejection" of a state court judgment. *Hoblock*, 422 F.3d at 85 (citing *Exxon Mobil*, 544 U.S. at 284) (alteration omitted).

First, the *Rooker-Feldman* doctrine applies only to federal actions brought by "state-court losers," and plaintiff is not a state-court loser. *Exxon Mobil*, 544 U.S. at 284; *see also Hoblock*, 422 F.3d at 85 (providing that the first *Rooker-Feldman* requirement is that "the federal-court plaintiff must have lost in state court"). Based on defendants' representations in an *ex parte* emergency hearing, the Family Court issued an order temporarily removing plaintiff's child from her custody. Four days later, after plaintiff appeared in Family Court to contest the removal order, the Family Court issued a superseding order returning plaintiff's child to her. The Family Court then adjourned the proceedings "in contemplation of dismissal," after which the petition was automatically dismissed. *See* N.Y. Fam. Ct. Act § 1039.

We cannot say that those circumstances amount to a state-court *loss* for purposes of the *Rooker-Feldman* doctrine. Although there was no final adjudication in plaintiff's favor, *see* N.Y. Fam. Ct. Act § 1051, there was also no final "order of disposition" removing her child, *see id.* § 1052, and plaintiff secured the reversal of the one form of interlocutory relief entered against her. The *Rooker-Feldman* doctrine, therefore, does not bar plaintiff's claims, as she did not "lose" in state court.

Second, the *Rooker-Feldman* doctrine does not bar plaintiff's claims because plaintiff does not "invite district court review and rejection" of a state court judgment. *Hoblock*, 422 F.3d at 85 (citing *Exxon Mobil*, 544 U.S. at 284) (alteration omitted). Plaintiff's child has been returned to her, and thus she "plainly has not repaired to federal court to undo the [Family Court] judgment." *Exxon Mobil*, 544 U.S. at 293. The only conceivable "judgment" against plaintiff—the temporary removal of her child—has already been undone.

8

Our conclusion is underscored by the fact that plaintiff had no reason to seek—and could not have sought—review of the Family Court's temporary removal order by the U.S. Supreme Court under 28 U.S.C. § 1257. After plaintiff's child was returned to her and the Family Court proceedings were dismissed, the question of the validity of the temporary order of removal was likely moot and there was no basis for plaintiff to appeal. *See, e.g.*, *In re Javier R.*, 43 A.D.3d 1, 3 (N.Y. App. Div., 1st Dep't, 2007); *In re Nicholas B.*, 26 A.D.3d 764 (N.Y. App. Div., 4th Dep't, 2006). The rationale underlying the *Rooker-Feldman* doctrine is that only the U.S. Supreme Court—and not lower federal courts—may "review and reject[ ]" state-court decisions under 28 U.S.C. § 1257. *Hoblock*, 422 F.3d at 85 (citing *Exxon Mobil*, 544 U.S. at 284). That rationale is undercut if plaintiff had neither a practical reason nor a legal basis to appeal the state-court decision that caused her alleged injuries. Thus, plaintiff's inability to seek Supreme Court review of the Family Court's temporary removal order confirms that her federal action does not "invite district court review and rejection" of that order.[1]

The situation would have been different if the Family Court had entered a final order of disposition permanently removing plaintiff's child from her custody and plaintiff had brought this action seeking the return of her child. In such a case, plaintiff could have appealed the Family Court's ruling to higher New York courts and, eventually, to the U.S. Supreme Court under 28 U.S.C. § 1257. If, at the completion of her appeals, plaintiff were to bring a § 1983 action in federal court seeking the return of her child, her action would unquestionably "invite district court review

---

[1] This appeal does not require us to determine the exact extent to which the *Rooker-Feldman* doctrine coincides with the scope of the Supreme Court's jurisdiction under 28 U.S.C. § 1257. We note only that, in the circumstances presented here, the inability of plaintiff to pursue an appeal illustrates why plaintiff's federal court action does not "invite district court review and rejection" of a state-court judgment.

and rejection" of the Family Court's order of disposition and, assuming the other requirements were met, the *Rooker-Feldman* doctrine would likely apply. *See Hoblock*, 422 F.3d at 87 (alteration omitted).

Here, however, plaintiff brings a § 1983 action only after the Family Court proceedings were dismissed without a final order of disposition. Her action, moreover, complains only of injuries caused by a state-court order that was interlocutory, unappealable, and effectively reversed by a superseding order. Under those circumstances, the *Rooker-Feldman* doctrine does not apply.

We therefore vacate the District Court's dismissal of plaintiff's claims under the *Rooker-Feldman* doctrine. Specifically, we vacate the District Court's dismissal of plaintiff's claims related to the four-day period in which her child was removed pursuant to the Family Court order. We also vacate the District Court's dismissal of plaintiff's claims of municipal liability pursuant to *Monell*, 436 U.S. 658, as the District Court's dismissal of plaintiff's municipal liability claims was based on the District Court's dismissal of her claims under the *Rooker-Feldman* doctrine.

## II. Dismissal of Plaintiff's Malicious Prosecution Claims

We review *de novo* the District Court's dismissal of plaintiff's malicious prosecution claims for failure to state a claim upon which relief can be granted. *See, e.g.*, *Chambers*, 282 F.3d at 152. To state a claim for malicious prosecution under either § 1983 or New York state law, plaintiff must allege, among other things, "termination of the proceeding in plaintiff's favor." *E.g.*, *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997). Here, the Family Court proceedings were adjourned in contemplation of dismissal and were later dismissed. Although such a disposition does not make plaintiff a "state-court loser" for purposes of the *Rooker-Feldman* doctrine, we have previously held that "an adjournment in contemplation of dismissal is not considered to be a favorable termination" for malicious prosecution claims. *Shain v. Ellison*, 273 F.3d 56, 68 (2d Cir. 2001); *accord Murphy*, 118 F.3d at 949; *Singleton v. City of New York*, 632 F.2d 185, 193 (2d Cir. 1980). New York courts have

10

extended that rule to malicious prosecution claims based on Family Court abuse and neglect proceedings. *See Parkhurst v. Westchester County Dep't of Soc. Servs.*, 228 A.D.2d 568, 569 (N.Y. App. Div., 2d Dep't, 1996). Accordingly, plaintiff has failed to allege that the Family Court proceeding was terminated in her favor, and thus plaintiff has failed to state a claim for malicious prosecution.

## III.    Denial of Leave to Amend

We review the denial of leave to amend for "abuse of discretion." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). "A district court has abused its discretion if it [has] based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence or rendered a decision that cannot be located within the range of permissible decisions." *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks, citation, and alterations omitted). "Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend 'shall be freely given when justice so requires,' it is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy*, 482 F.3d at 200.

Here, the District Court denied leave to amend on the ground that amendment would be futile. Because we have held that "'section 1983 liability . . . may not be predicated on a claim of malicious abuse of' . . . *civil* process," *Cook v. Sheldon*, 41 F.3d 73, 79-80 (2d Cir. 1994) (quoting *Spear v. Town of West Hartford*, 954 F.2d 63, 68 (2d Cir. 1992)), the District Court's denial of leave to amend was well within its range of permissible decisions.

## IV.    Supplemental Jurisdiction

The District Court declined to exercise supplemental jurisdiction over plaintiff's remaining state-law claims on the ground that each of plaintiff's federal claims had been dismissed. Because we have vacated aspects of the District Court's dismissal and reinstated some of plaintiff's federal claims, we vacate the District Court's determination not to exercise supplemental jurisdiction.

11

## CONCLUSION

To summarize:

(1) The *Rooker-Feldman* doctrine does not bar a district court from exercising subject-matter jurisdiction over a federal claim where the federal claim complains of injuries caused by an interlocutory state-court order that was effectively reversed by a superseding state-court order, where the federal claim was brought after the state-court proceeding was dismissed, and where any appeal of the interlocutory order would have been moot. In such circumstances, the plaintiff is not a "state-court loser," and the federal claim does not "invite district court review and rejection" of the interlocutory state-court order.

Accordingly, we VACATE the August 25, 2008 judgment of the District Court insofar as the District Court dismissed plaintiff's claims under the *Rooker-Feldman* doctrine.

(2) The August 25, 2008 judgment is AFFIRMED insofar as the District Court dismissed plaintiff's claims for malicious prosecution.

(3) The August 25, 2008 judgment is AFFIRMED insofar as the District Court denied plaintiff leave to amend her complaint to add a § 1983 claim for malicious abuse of civil process.

(4) The August 25, 2008 judgment is VACATED insofar as the District Court declined to exercise supplemental jurisdiction over plaintiff's remaining state-law claims.

(5) The cause is REMANDED to the District Court for proceedings consistent with this opinion.