09-1820-cv
Session v. Rodriguez, et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of March, two thousand ten.

PRESENT: DENNIS JACOBS,
                        <u>Chief Judge</u>,
                 GERARD E. LYNCH,
                        <u>Circuit Judge</u>,
                 JANE A. RESTANI,*
                        <u>Judge</u>.

- - - - - - - - - - - - - - - - - - - -X

GARY SESSION,

         <u>Plaintiff-Appellant</u>,

         -v.-                                    09-1820-cv

EDWIN RODRIGUEZ, STEPHEN COPPOLA, and
THE CITY OF NEW HAVEN,

         <u>Defendants-Appellees</u>.
- - - - - - - - - - - - - - - - - - - -X

* The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

**APPEARING FOR APPELLANT:**    John A. Pinheiro (Donna L. Alvarez, on the brief), Milford, CT.

**APPEARING FOR APPELLEES EDWIN RODRIGUEZ AND STEPHEN COPPOLA:**    Thomas E. Katon, Susman, Duffy & Segaloff, P.C., New Haven, CT.

**APPEARING FOR APPELLEE CITY OF NEW HAVEN:**    Michael A. Wolak, III, Assistant Corporation Counsel, for the Office of Corporation Counsel, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Thompson, C.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED** in part and **VACATED** in part.

Plaintiff-appellant Gary Session appeals from the final judgment and several earlier orders entered in the United States District Court for the District of Connecticut (Thompson, C.J.), ultimately granting judgment in favor of defendants-appellees Edwin Rodriguez and Stephen Coppola formerly of the New Haven Department of Police Services, and the City of New Haven. Session sued these defendants for false arrest, false imprisonment, malicious prosecution, and intentional and negligent infliction of emotional distress, alleging primarily that the police improperly influenced a drug-addicted witness to implicate Session in a murder, that the averment of the witness was used to induce a probable cause finding, that he was jailed for eleven months as a result, and that the charges against him were nolled after the witness recanted. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Session appeals, inter alia, the March 27, 2009 order granting Rodriguez's motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") and the ensuing March 30, 2009 final judgment. "In reviewing a district court's

2

dismissal of a complaint for lack of subject matter jurisdiction, we review factual findings for clear error and legal conclusions de novo." Morrison v. Nat'l Australia Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008) (internal quotation marks omitted).

The district court concluded that it lacked subject matter jurisdiction by reason of the Rooker-Feldman doctrine. The district court reasoned that, in light of the Connecticut Superior Court's probable cause determination, Session's federal suit met Rooker-Feldman's four requirements. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (clarifying that the Rooker-Feldman doctrine applies only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"); accord Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005).

However, subsequent to the district court's entry of judgment, this Court made the following clarification:

> The Rooker-Feldman doctrine does not bar a district court from exercising subject-matter jurisdiction over a federal claim where the federal claim complains of injuries caused by an interlocutory state-court order that was effectively reversed by a superseding state-court order, where the federal claim was brought after the state-court proceeding was dismissed, and where any appeal of the interlocutory order would have been moot. In such circumstances, the plaintiff is not a "state-court loser," and the federal claim does not "invite district court review and rejection" of the interlocutory state-court order.

Green v. Mattingly, 585 F.3d 97, 104 (2d Cir. 2009). The state court probable cause determination was "interlocutory, unappealable, and effectively reversed" in light of the subsequent entry of a nolle prosequi and the later dismissal of all criminal charges against Session. Id. at 103. Moreover, Session did not invite district court review and

3

rejection of the state court probable cause determination; rather, he invited district court scrutiny of the actions allegedly undertaken by Rodriguez in falsely procuring that determination. See Morrison v. City of N.Y., 591 F.3d 109, 115 (2d Cir. 2010) (finding "no basis for construing the complaint as an attack on the Family Court's order, rather than an attack on independent discretionary acts and decisions of the hospital staff that were not compelled by court order," and therefore concluding that "the suit was not barred by the Rooker-Feldman doctrine").

We therefore vacate the district court's March 27, 2009 order granting Rodriguez's Rule 12(b)(1) motion and the March 30, 2009 final judgment insofar as it dismissed Session's false arrest and malicious prosecution claims against Rodriguez under the Rooker-Feldman doctrine, and remand for further proceedings consistent with this order. At the same time, however, we find no merit in Session's remaining arguments.

The district court did not abuse its discretion in denying Session's motion pursuant to Federal Rule of Civil Procedure 56(f) as moot in light of Magistrate Judge Martinez's October 24, 2006 rulings and the district court's denial of the defendants' then-pending motions for summary judgment without prejudice to renewal upon certain specified events.

Following de novo review, we conclude that the district court properly granted partial summary judgment because (i) Session pleads no cause of action other than false arrest, false imprisonment, malicious prosecution, negligent infliction of emotional distress, and intentional infliction of emotional distress; (ii) Session's unsupported assertions of emotional distress cannot withstand summary judgment to support his claims of negligent infliction of emotional distress and intentional infliction of emotional distress, see Cifarelli v. Village of Babylon, 93 F.3d 47, 51 (2d Cir. 1996) ("[M]ere conclusory allegations, speculation or conjecture will not avail a party resisting summary judgment."); (iii) there is no genuine issue of material fact indicating a municipal policy or custom--under a theory of widespread practice, failure to train, failure to supervise, or any other theory--that could trigger New

4

Haven's liability under <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978); and (iv) there is no genuine issue of material fact indicating the involvement of Coppola in the alleged coercion of Mayra Mercado's statement or testimony. Accordingly, the district court properly granted partial summary judgment, leaving only Session's false arrest and malicious prosecution claims against Rodriguez.

In light of this order's vacatur and remand, we need not reach Session's motion pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)") with respect to Session's false arrest and malicious prosecution claims against Rodriguez. On remand, Session will be able to use any newly-discovered evidence in opposing Rodriguez's further motions for summary judgment or at trial. The district court did not abuse its discretion in denying Session's Rule 60(b) motion with respect to Session's other claims. Session failed to explain (i) how any of the allegedly withheld evidence probably would have altered the outcome of the proceedings in the district court, <u>see</u> <u>United States v. Int'l Bhd. of Teamsters</u>, 247 F.3d 370, 392 (2d Cir. 2001); (ii) how any of the defendants' conduct precluded him from fully and fairly presenting his case, <u>see</u> <u>State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada</u>, 374 F.3d 158, 176 (2d Cir. 2004); or (iii) how Session's prior attorney's conduct or how Session's discovery difficulties constitute exceptional circumstances, <u>see</u> <u>Teamsters</u>, 247 F.3d at 391 ("A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances.").

We therefore **AFFIRM** the other orders appealed from and the remainder of the March 30, 2009 final judgment. We **VACATE** and **REMAND** for further proceedings consistent with this opinion regarding Session's false arrest and malicious prosecution claims against Rodriguez.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5