09-4965-cv
Hamdard Trust v. Ajit Newspaper Advertising and Communications, Inc.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of September, two thousand ten.

PRESENT: DENNIS JACOBS,
                              Chief Judge,
              ROBERT A. KATZMANN,
              DEBRA A. LIVINGSTON,
                              Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
SADHU SINGH HAMDARD TRUST,
          Plaintiff-Appellant,

          -v.-                                          09-4965-cv

AJIT NEWSPAPER ADVERTISING,
MARKETING AND COMMUNICATIONS, INC.,
DARSHAN SINGH,
          Defendants-Appellees.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:                    JONATHAN R. MILLER (Mark
                                  Thompson, on the brief), Adorno
                                  Yoss Wong Fleming, PC,
                                  Princeton, New Jersey.

**FOR APPELLEES:**                    JASON M. DRANGEL, Epstein
                                     Drangel Bazerman & James, LLP,
                                     New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Pollak, <u>M.J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff Sadhu Singh Hamdard Trust appeals from orders of the district court granting summary judgment in favor of defendant Ajit Newspaper Advertising, Marketing and Communications, Inc., on its claim under the Lanham Act, and denying its motion to amend its complaint in order to add a claim of unfair competition under New York common law.[1]  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

After conducting a <u>de novo</u> review, <u>Boule v. Hutton</u>, 328 F.3d 84, 90 (2d Cir. 2003), we conclude that the district court's order granting summary judgment in favor of defendants was proper.  Plaintiff failed to show that it "possessed a priority right to the use" of the mark in question.  <u>ITC Ltd. v. Punchgini, Inc.</u>, 482 F.3d 135, 154 (2d Cir. 2007).  Plaintiff's "meager trickle of business" in the United States was insufficient to "constitute[] the kind of bona fide use intended to afford a basis for trademark protection."  <u>La Societe Anonyme des Parfums le Galion v. Jean Patou, Inc.</u>, 495 F.2d 1265, 1272 (2d Cir. 1974).  Plaintiff failed to establish "deliberate" use of the mark in the United States; rather, its "sporadic" and "casual" use was insufficient to defeat the grant of summary judgment in favor of defendants as a matter of law.  <u>Id.</u>  As the district court observed, a trademark is "recognized as having a separate existence in each sovereign territory in which it is registered or legally recognized as a mark."  <u>Buti v. Impressa Perosa, S.R.L.</u>, 935 F. Supp. 458, 460

---

[1] To the extent plaintiff contends the grant of summary judgment in favor of defendants on its state law claims was in error, we deem that contention waived.  <u>See</u> <u>Norton v. Sam's Club</u>, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

(S.D.N.Y. 1996), <u>aff'd</u>, 139 F.3d 98 (2d Cir. 1998). Accordingly, "foreign use is ineffectual to create trademark rights in the United States." <u>La Societe Anonyme</u>, 495 F.2d at 1270 n.4.

We review a district court's denial of leave to amend a complaint for abuse of discretion, <u>Green v. Mattingly</u>, 585 F.3d 97, 104 (2d Cir. 2009), and find none. The district court applied the proper legal standards in analyzing plaintiff's motion to amend its complaint, and determined that granting the motion would cause undue delay and prejudice to defendants. The plaintiff expressed an intention to expand proceedings to add a marketing expert, a step that would predictably induce the defendant to do the same. Under these circumstances, the court's denial of leave to amend can certainly "be located within the range of permissible decisions." <u>Id.</u> (internal quotation marks omitted); <u>see also</u> <u>Ansam Assocs., Inc. v. Cola Petroleum, Ltd.</u>, 760 F.2d 442, 446 (2d Cir. 1985). Moreover, the court noted that the potential viability of the claim plaintiff sought to add had been recognized for years. <u>See</u> <u>Cresswell v. Sullivan & Cromwell</u>, 922 F.2d 60, 72 (2d Cir. 1990) (stating "the court is free to conclude that ignorance of the law is an unsatisfactory excuse" for delay and finding no abuse of discretion in court's denial of leave to amend complaint).

We have considered all of plaintiff's arguments properly presented on appeal, and find them to be without merit. Accordingly, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3