09-4635-pr
Kevilly v. New York

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21ˢᵗ day of December, two thousand and ten.

PRESENT:

      JOSÉ A. CABRANES,
      ROSEMARY S. POOLER,
      RICHARD C. WESLEY,
         *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ROMAN KEVILLY,

         *Plaintiff-Appellant,*

      v.                                          No. 09-4635-pr

THE STATE OF NEW YORK, NASSAU COUNTY POLICE DEPARTMENT, FLORAL PARK POLICE DEPARTMENT, NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE, NASSAU COUNTY COURTS, DEPARTMENT OF CORRECTIONAL SERVICES, NEW YORK STATE DIVISION OF PAROLE, NEW YORK STATE ATTORNEY GENERAL'S OFFICE and NASSAU COUNTY; MICHAEL SCHIRANO and TERRENCE HAGAN, sued in their individual capacities; ROBERT TEDESCO, GASPARE DESIMONE, G. QUINN, JOHN DOE-SIUDAK, GRACE C. DIAZ, CHRISTOPHER DEVANE. MARTIN I. SILBERG, deceased, ALAN L. HONOROF, MARK DIAMOND, LAWRENCE J. SCHWARZ, RUSS TEDESCO, DENIS E. DILLON, SHERYL A. CHANNER, K.F. KAKRETZ, D. KINDERMAN,

1

ZELDA JONAS, NANCY WILLIAMS, MELVIN L. HOLLINS, MICHAEL LICCIONE, GLENN S. GOORD, BRUCE D. ALPERT, NELL A. MALLEN, S. CARTER, L. JOLMA, FRANK MARLENGA, JAMES V. MURRAY, ELIOT SPITZER, and PETER H. SCHIFF, in their individual and official capacities,
                    *Defendants-Appellees.*[*]

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – –x

**FOR APPELLANT:**           Roman Kevilly, *pro se*, Oneida Correctional Facility, Rome, NY.

**FOR APPELLEES:**           Marion R. Buchbinder, Assistant Solicitor General (Andrew M. Cuomo, Attorney General, Barbara D. Underwood, Solicitor General, Richard Dearing, Deputy Solicitor General, *on the brief*), State of New York, New York, NY, *for Defendants-Appellees State of New York, New York State Attorney General's Office, Nassau County Courts, Department of Correctional Services, New York State Division of Parole, Eliot Spitzer, Zelda Jonas, Bruce D. Alpert, Alan L. Honorof, Russ Tedesco, Glenn S. Goord, Melvin L. Hollins, D. Kinderman, S. Carter, Nancy Williams, Frank Marlenga, and L. Jolma.*

John E. Ryan (John M. Donnelly, *of counsel*), Ryan, Brennan & Donnelly LLP, Floral Park, NY, *for Defendants-Appellees Floral Park Police Department and Gaspare Desimone.*

Robert A. Sparer, Clifton Budd & DeMaria, LLP, New York, NY, *for Defendant-Appellee Michael Schirano.*

Appeal from an October 8, 2009 judgment entered in the United States District Court for the Eastern District of New York (Denis R. Hurley, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Plaintiff-Appellant Roman Kevilly, *pro se* and incarcerated, appeals from the District Court's judgment dismissing his civil rights complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In his complaint, Kevilly asserted claims of false arrest, malicious prosecution, false imprisonment, and other violations under 42 U.S.C. §§ 1983 and 1985(3), and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.* These claims arise from Kevilly's December 1996 New York State conviction for robbery and kidnapping, and

---

[*] The Clerk of Court is directed to amend the caption to read as shown above.

2

continued detention. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.[2]

We review *de novo* a district court's dismissal of a complaint for failure to state a claim under Rule 12(b)(6). *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009). "In conducting this review, we assume all 'well-pleaded factual allegations' to be true, and 'determine whether they plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)). In addition, "'when [a] plaintiff proceeds *pro se*, . . . a court is obliged to construe his pleadings liberally,'" *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (quoting *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)), and must interpret them "to raise the strongest arguments that they suggest," *Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006) (quotation marks omitted).

The District Court erred in dismissing as untimely Kevilly's § 1983 claims regarding the alleged insufficiency of the charging information, prosecutorial misconduct, and the conspiracy between his court-appointed defense counsel and the Nassau County District Attorney's Office, as well as his various claims arising from his criminal prosecution. In the circumstances presented, Kevilly's claims would imply the invalidity of his conviction or sentence, and could therefore be brought only if his conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Thus, because none of these prerequisites is in place, Kevilly's claims have not yet accrued, and it is uncertain that they ever will. *See id.* at 489-90.

Despite this error, we may "affirm the judgment of the district court on any basis for which there is a record sufficient to permit conclusions of law, including grounds upon which the district court did not rely." *Pollara v. Seymour*, 344 F.3d 265, 268 (2d Cir. 2003) (quotation marks omitted). Because Kevilly's § 1983 claims imply the invalidity of his conviction or sentence, they are not cognizable unless he has shown that his state court conviction has "been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. Kevilly does not allege that his conviction or sentence has been invalidated or otherwise questioned; moreover, his state court direct appeal and habeas proceedings have been unsuccessful. *See, e.g.*, *People v. Kevilly*, 671 N.Y.S.2d 296 (App. Div. 2d Dep't 1998), *leave*

---

[2] As a preliminary matter, because the district court revoked Kevilly's *in forma pauperis* status, the Clerk's Office is directed to file Kevilly's pending motion for leave to proceed *in forma pauperis*. We grant the motion *nunc pro tunc*.

*denied*, 92 N.Y.2d 927 (1998); *Kevilly v. Connell*, No. 06-cv-5672, 2009 WL 750227 (E.D.N.Y. Mar. 19, 2009).  Therefore, these claims are barred under *Heck*.[3]

Concerning Kevilly's false arrest and unlawful imprisonment claims—which are not barred by *Heck*, *see Wallace v. Kato*, 549 U.S. 384, 394-95 (2007)— they are indeed untimely, although for different reasons than those found by the District Court.  It is well-established that New York's three-year limitations period for personal injury actions, New York State Civil Practice Law and Rules ("N.Y. C.P.L.R.") § 214(5), not the one-year limitations period for actions arising from false imprisonment, N.Y. C.P.L.R. § 215(3), governs § 1983 claims.  *See Okure v. Owens*, 816 F.2d 45, 49 (2d Cir. 1987).  Although the district court erred in dismissing Kevilly's false arrest and unlawful imprisonment claims as time-barred under N.Y. C.P.L.R. § 215(3), these claims are nevertheless time-barred under the applicable three-year statute of limitations because he was detained pursuant to legal process in 1996 and he did not file his complaint until October 2002.  *See Wallace*, 549 U.S. at 397; *Okure*, 816 F.2d at 49.  Furthermore, on appeal, Kevilly does not raise any argument that the applicable statute of limitations should be tolled and the record does not reflect that he suffered from any disability that would have tolled the statute of limitations.  Insofar as Kevilly's other claims on appeal arising prior to October 1999 are not barred by *Heck*, they are also untimely for substantially the same reasons.

Lastly, we review a district court's decision on leave to amend for abuse of discretion.  *See Green v. Mattingly*, 585 F.3d 97, 104 (2d Cir. 2009).  "A district court has abused its discretion if it [has] based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence or rendered a decision that cannot be located within the range of permissible decisions." *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (quotation marks and alterations omitted).  "Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend 'shall be freely given when justice so requires,' it is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).  While the District Court erred in its conclusion that all of Kevilly's claims in his amended complaint were time-barred, amendment would have nevertheless been futile.  *See Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003).  As explained, Kevilly's claims in his original complaint were either barred under *Heck* or untimely.  Moreover, his claims in his proposed amended complaint regarding, among other things, ineffective assistance of counsel, the false testimony of witnesses and police officers, malicious prosecution, and evidence tampering would also be barred under *Heck*.  *See Heck*, 512 U.S. at 484, 486-87.

We have considered Kevilly's remaining contentions on appeal and find them to be without merit.

---

[3] For the same reasons, Kevilly's § 1985 conspiracy claim is barred by *Heck*.  *See Amaker v. Weiner*, 179 F.3d 48, 51-52 (2d Cir. 1999).

4

For the foregoing reasons, the judgment of the District Court is hereby **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court