10-967-cv
Chapman v. Office of Children & Family Servs.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of June, two thousand eleven.

PRESENT: DENNIS JACOBS,
                              <u>Chief Judge</u>,
              DEBRA ANN LIVINGSTON,
                              <u>Circuit Judge</u>,
              JED S. RAKOFF,[*]
                              <u>District Judge</u>.

- - - - - - - - - - - - - - - - - - - -X

BRUCE CHAPMAN,

        *Plaintiff-Appellant*,

        -v.-                                          10-0967-cv

OFFICE OF CHILDREN AND FAMILY SERVICES
OF THE STATE OF NEW YORK, CORNELL
UNIVERSITY, NEW YORK STATE COLLEGE OF

---

[*]The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

HUMAN ECOLOGY AT CORNELL UNIVERSITY, MICHAEL A. NUNNO, GWEN AMES, DENISE J. CLARKE, PETER D. MIRAGLIA, VIRGINIA SIERRA, THE DEPARTMENT OF FAMILY ASSISTANCE OF THE STATE OF NEW YORK,

     *Defendants-Appellees*,

NEW YORK STATE DIVISION FOR YOUTH, NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES, JOHN JOHNSON, MARGARET DAVIS, PATSY MURRAY, JEFFREY LEHMAN, HUNTER RAWLINGS III, FAMILY LIFE DEVELOPMENT CENTER, RESIDENTIAL CHILD CARE PROJECT, THERAPEUTIC CRISIS INTERVENTION, MARTHA HOLDEN, HILLSIDE CHILDREN'S CENTER, DENNIS RICHARDSON, DOUGLAS BIDLEMAN, SEALED DEFENDANTS 1 THROUGH 99, JANE DOE 1 THROUGH 5, JOHN DOE 1 THROUGH 5,

     *Defendants.*[**]
- - - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**    Hilary Adler
                    (Alan Kachalsky, *on brief*)
                    Law Office of Hilary Adler
                    Gardiner, NY

**FOR APPELLEES:**    Nelson E. Roth
                    (Valerie Cross Dorn, *on brief*)
                    Cornell University
                    Office of University Counsel
                    Ithaca, NY

                    Eric T. Schneiderman
                    (Victor Paladino, Barbara D. Underwood, Andrea Oser, *on brief*)
                    New York State Office of the Attorney General
                    Albany, NY

---

    [**] The Clerk of Court is respectfully instructed to amend the official case caption as shown above.

2

Appeal from a judgment by the United States District Court for the Northern District of New York (Hurd, J.) granting Defendants' motion to dismiss and dismissing Appellant's entire First Amended Complaint with prejudice.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the district court's judgment is **AFFIRMED**.

Appellant appeals from an order by the district court dismissing his complaint for failure to state a claim. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review de novo a district court's dismissal of a complaint under Federal Rule of Procedure 12(b)(6). Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010). We review for abuse of discretion a district court's denial of a plaintiff's request for leave to amend a deficient complaint. Green v. Mattingly, 585 F.3d 97, 104 (2d Cir. 2009).

To survive a motion to dismiss, a complaint must be "plausible on its face," such that the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Moreover, the False Claims Act is an anti-fraud statute, so qui tam actions under the Act must satisfy the heightened pleading requirements of Rule 9(b). Gold v. Morrison-Knudsen Co., 68 F.3d 1475, 1476-76 (2d Cir. 1995) (per curiam). The district court concluded that Appellant's complaint lacked the plausibility and particularity needed to state a claim under Iqbal and Rule 9(b). We agree. Appellant's complaint fails to allege any basis for concluding that Defendants engaged in any fraud. Indeed, while Defendants' eligibility for federal funding may be debatable on the face of their submissions to the federal government, there is no plausible allegation of scienter with respect to those submissions. Since scienter is a necessary element of an FCA claim, we affirm the district court's order dismissing Appellant's entire complaint.

Further, the district court was well within its discretion to deny Appellant leave to amend his complaint. Where it is reasonable to conclude that amendments would be futile, a district court has discretion to deny leave to

3

amend.  <u>See</u> <u>In re Tamoxifen Citrate Antitrust Litig.</u>, 466 F.3d 187, 220-21 (2d Cir. 2006).  The present record indicates that under the theories presented in his complaint, Appellant will never be able to plausibly allege that Defendants committed fraud; thus, the district court was within its discretion to deny leave to amend based on futility.

Moreover, Appellant never formally moved the district court for leave to amend, so the district court was also within its discretion to deny such leave without analysis or comment.  <u>Id.</u>

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK

4