13-4047-cv
*Adanna Canning and Joseph Canning v. Admin for Children's Servs., Queens*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of December, two thousand fourteen.

PRESENT:    JOSÉ A. CABRANES,
                RICHARD C. WESLEY,
                PETER W. HALL,
                        *Circuit Judges.*

---

ADANNA CANNING, JOSEPH CANNING,

      *Plaintiffs-Appellants,*

         v.

ADMINISTRATION FOR CHILDREN'S SERVICES,
QUEENS, ET AL.,

      *Defendants-Appellees,*

MARIA ARIAS, ET AL.,

      *Defendants.*

No. 13-4047-cv

---

**FOR PLAINTIFFS-APPELLANTS:**      ADANNA AND JOSEPH CANNING, *pro se*, Brooklyn, NY.

**FOR DEFENDANT-APPELLEE JESS RAO:**      WILLIAM D. BUCKLEY, Garbarini & Scher, P.C., New York, NY.

**FOR DEFENDANTS-APPELLEES**
**ADMINISTRATION FOR CHILDREN'S**
**SERVICES, QUEENS, ET AL.:**   JULIE STEINER, EDWARD F.X. HART, *for*
Zachary W. Carter, Corporation Counsel of
the City of New York, New York, NY.

Appeal from an October 2, 2013 judgment of the United States District Court for the Eastern District of New York (Jack B. Weinstein, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Appellants Adanna and Joseph Canning, proceeding *pro se*, appeal from the District Court's judgment entered on October 2, 2013 dismissing their complaint for lack of subject matter jurisdiction. Appellants had brought suit in January 2013 alleging civil rights violations arising out of a New York State Administration for Children's Services ("ACS") proceeding, in which a Queens County family court ordered the removal of the Cannings' children to ACS custody and entered a temporary order of protection against the Cannings. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citation omitted). When determining whether subject matter jurisdiction exists, the district court may examine evidence outside the pleadings. *Id.* When, as here, it has done so, we review the District Court's factual findings for clear error and its legal conclusions de novo. *Id.*

Defendants' motion to dismiss argued, in part, that the District Court lacked jurisdiction pursuant to the *Rooker-Feldman* doctrine. This doctrine is "a bundle of rules named after the Supreme Court's decisions" in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983), limiting federal appellate jurisdiction over state court decisions to the United States Supreme Court. *Green v. Mattingly*, 585 F.3d 97, 99, 101 (2d Cir. 2009). This doctrine stands for the proposition that federal courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The doctrine bars suit only if the federal court plaintiff (1) lost in state court, (2) seeks redress for injuries caused by a state court judgment, (3) "invite[s] district court review and rejection of that judgment," and (4) files suit after judgment has been entered in the parallel state proceedings. *Green*, 585 F.3d at 101 (quoting *Hoblock v. Albany Cnty Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005)) (alterations omitted). However, "a federal plaintiff cannot escape the *Rooker-Feldman* doctrine simply by relying on a legal theory not raised in state court." *Hoblock*, 422 F.3d at 87.

Here, all four requirements of the *Rooker-Feldman* doctrine were met. The Cannings lost custody of their children pursuant to a July 2012 state court order, and they sought damages and injunctive relief arising from that proceeding in their January 2013 federal court action. They invite review and rejection of the state court judgment by arguing, *inter alia*, that it violated their inalienable right to raise their children, was procured through the use of unconstitutional procedures, and was obtained without meeting the sufficient burden of proof. The Cannings cannot escape the *Rooker-Feldman* doctrine by couching their claims in constitutional violations, even if those legal theories were not raised in the prior state court proceedings. Thus, the District Court properly granted the defendants' motion to dismiss for lack of jurisdiction.

We have considered appellants' remaining contentions and find them to be meritless. Accordingly, the District Court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3