13-4204
*Wik v. City of Rochester*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8ᵗʰ day of December, two thousand fifteen.

PRESENT:
> ROBERT D. SACK,
> DENNY CHIN,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DANIEL JOSEPH WIK,

> *Plaintiff-Appellant*,

v.                                                                     13-4204

CITY OF ROCHESTER, THOMAS RICHARDS, CHARLES BENINCASA, JOHN M. CAMPOLIETO, RICHARD FENWICK, SCOTT SMITH, KIM D. JONES, ERIC KMENTT, JOHN DOES 1-199, individually and in their official capacities,

> *Defendants-Appellees*.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

* The Clerk of Court is directed to amend the official caption to conform to the above.

FOR PLAINTIFF-APPELLANT:    Daniel J. Wik, *pro se*, Rochester, N.Y.

FOR DEFENDANTS-APPELLEES:    T. Andrew Brown, Corporation Counsel, John M. Campolieto, of Counsel, Rochester, N.Y.


Appeal from a judgment of the United States District Court for the Western District of New York (Geraci, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Daniel J. Wik, proceeding *pro se*, appeals from a judgment entered on September 30, 2013 in the United States District Court for the Western District of New York dismissing his 42 U.S.C. § 1983 complaint against defendants-appellees the City of Rochester (the "City") and various named and unnamed City employees.   The claims arise from the City's foreclosure for nonpayment of taxes of seven properties that were wholly-owned directly or indirectly by Wik. Following the termination of his state court proceedings, Wik filed a complaint in federal court seeking the return of his real property and certain personal property seized by the City.   By decision and order dated November 13, 2008, the district court (Siragusa, *J.*) dismissed Wik's real property claims for lack of subject matter jurisdiction.   On September 30, 2013, the district court (Geraci, *C.J.*) dismissed Wik's remaining personal property claims for failure to prosecute.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

As an initial matter, despite the City's argument to the contrary, we have jurisdiction to review all of the district court's orders, as Wik timely appealed the final judgment. *See* 28 U.S.C. § 1291 (courts of appeal have jurisdiction over final orders of district courts); *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 86 (2000) (a final decision is one that "ends the litigation on the merits" (quoting *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994))).

We address in turn Wik's arguments that the district court erred in dismissing his claims pertaining to his real and personal property.

**A.** *Real Property*

The district court dismissed Wik's claims stemming from the City's foreclosure on his real property for non-payment of taxes pursuant to the *Rooker-Feldman* doctrine and the Tax Injunction Act, 28 U.S.C. § 1341. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923). We review dismissals under the *Rooker-Feldman* doctrine *de novo*. *Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009). The *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Green*, 585 F.3d at 101.

3

The district court did not err in dismissing the real property claims pursuant to the *Rooker-Feldman* doctrine.[1]  All four elements of the doctrine are satisfied in this respect, in that Wik (1) challenged a state foreclosure judgment; (2) alleged injuries stemming from that judgment (loss of his interest in the properties); (3) sought review and rejection of the state court's foreclosure judgment; and (4) sued in federal court after the state court's judgment.  *Green*, 585 F.3d at 101.

**B.**  *Personal Property*

The district court did not abuse its discretion in dismissing Wik's remaining claims, regarding the seizure of his personal property, for failure to prosecute. *See Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (reviewing failure to prosecute dismissal for abuse of discretion and reversing only if district court's decision cannot be located within the range of permissible decisions).  Wik did not comply with the district court's pre-trial orders and stated that he no longer wished to proceed to trial because a trial would be a "farce" and an "exercise [in] futility."  Motion to Compel at 3, ECF Dkt. No. 137; Letter from Daniel Wik to Hon. Frank P. Geraci at 2-3, ECF Dkt. No. 145.  The district court acted within its permissible discretion in dismissing the action when Wik refused to proceed.  *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990) ("It is beyond dispute that a district court may dismiss a case under Rule 41(b) when the plaintiff

---

[1]  The district court applied the *Rooker-Feldman* doctrine to Justice Lindley's order denying Wik's motion to vacate the foreclosures, which concluded that Wik lacked an ownership interest in six of the seven properties.  The doctrine also applies to Justice Rosenbaum's 2006 foreclosure order, which concerned all seven properties.

4

refuses to go forward with a properly scheduled trial.").

We have considered all of Wik's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk