■ Town of Chester, Appellant, v Republic Insurance Company, Respondent, et al., Defendants. (And a Third-Party Action.) — In an action to recover on performance bonds, plaintiff appeals from an order of the Supreme Court,

Orange County (Isseks, J.), dated April 30, 1981, which granted defendant Republic Insurance Company's motion to dismiss plaintiff's second cause of action as against it. Order reversed, with $50 costs and disbursements, and motion denied. Acting pursuant to section 277 of the Town Law, the Town of Chester requested several performance bonds as a prerequisite for granting approval for a certain subdivision. The purpose of the bonds was to guarantee the satisfactory completion of various public improvements. On February 24, 1972, a bond was posted, with defendant Republic Insurance Company as surety, to guarantee completion of certain curbing, culverts and headwalls. When the improvements were completed, the bond was returned to Republic and, on December 7, 1976, a new bond was issued, again with Republic as surety. The new bond was issued to guarantee that the principals, "for a period of TWO (2) YEARS from the date of acceptance, indemnify and save the [town] harmless from any pecuniary loss which it may sustain by reason of any defective work or materials in the construction * * * and shall on due notice repair or replace any defects or workmanship or materials which may appear within TWO (2) YEARS from the date of acceptance" (emphasis supplied). The town subsequently instituted this action in connection with the project and, in its second cause of action, the town alleged that required improvements, although completed, were neither accepted nor approved and were in need of repair. Accordingly, the town sought to declare the bond in default. Subsequently, Republic, as surety, moved to dismiss the town's second cause of action. Special Term granted the motion, concluding that the town had failed to show any authority permitting it to require a maintenance bond as a condition for subdivision approval. We now reverse. In our view, the term "performance" as used in subdivision 1 of section 277 of the Town Law contemplates not merely the completion of work but that the work be of satisfactory quality. And although there is a paucity of cases in this State dealing with so-called "maintenance" bonds, the Supreme Court of New Jersey, in circumstances strikingly similar to those at bar, has held that such a bond is permissible as "but a guarantee of performance" (see *Legion Manor v Municipal Council of Twp. of Wayne,* 49 NJ 420, 425). Moreover, Republic, a compensated surety which agreed to issue the bond and benefited from its issuance, should be estopped from now claiming that the bond was void (see *McClare v Massachusetts Bonding & Ins. Co.,* 266 NY 371). Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.