■ LAWRENCE BOCCARDI et al., Appellants, v HORN CONSTRUCTION CORP. et al., Respondents. [612 NYS2d 180] —In an action, *inter alia,* for specific performance and to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Rockland County (Lefkowitz, J.), dated September 14, 1992, which denied their motion for summary judgment (1) on their first and second causes of action and (2) on the issue of liability with respect to the third and fourth causes of action.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the plaintiffs are granted summary judgment on their first and second causes of action, and on the issue of liability on their third and fourth causes of action, the first, third, and fourth affirmative defenses are dismissed, the third and fourth causes of action to recover damages for breach of contract are severed, and the matter is remitted to the Supreme Court, Rockland County, for entry of an appropriate judgment.

The meaning of paragraph 14 of the rider to the parties' contract of sale is clear and unambiguous. It contains an unconditional obligation to build the road shown on the subdivision plan which was subsequently approved by the Town of Clarkstown. The failure to build the road constituted a breach of contract entitling the plaintiffs to specific performance. The performance agreement with the Town was not a substitute for the defendants' obligation, but merely provided security for the work to be performed *(see, Town of Chester v Republic Ins. Co.,* 89 AD2d 959).

The Town is not a necessary party, as it will not be "inequitably affected by a judgment" in this action (CPLR 1001 [a]). The Town approved the subdivision plan which included the proposed road reflected on the map filed with the County Clerk *(see,* Town Law § 278, redesignated § 279, eff July 1, 1993). Therefore, the first affirmative defense should be dismissed.

The contract of sale was signed by the individual defendant

Stuart Horn, and there is no evidence that the contract was assigned, or that there was a novation. In accordance with paragraph 14, the road was to be built after the closing. Consequently, the obligation survived the closing and Horn remains personally liable.

The defense of impossibility of performance is without merit. That the construction of the road may be more difficult or costly than anticipated does not excuse the defendants' performance *(see, Kel Kim Corp. v Central Mkts., 70 NY2d 900).* Accordingly, the third affirmative defense should be dismissed.

There is no merit to the defendants' fourth affirmative defense, and the remaining second and fifth affirmative defenses relate to the issue of whatever damages should be awarded, for which the plaintiffs do not seek summary judgment. They do not constitute defenses to the first or second cause of action, nor are they relevant to whether the defendants breached the contract. Lawrence, J. P., Copertino, Altman and Goldstein, JJ., concur.