In the Matter of BAYSWATER GRACEWOOD, LLC, Respondent, v PLANNING BOARD OF THE INCORPORATED VILLAGE OF NORTH HILLS et al., Appellants. [796 NYS2d 147]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Planning Board of the Incorporated Village of North Hills dated June 12, 2002, which, after a hearing, denied the petitioner's applications to release a public site improvement performance bond and a recreational facilities maintenance bond, the appeal is from an order of the Supreme Court, Nassau County (Winslow, J.), dated October 22, 2003, which, upon an order of the same court, dated September 25, 2003, inter alia, granted the petition to the extent of annulling the determination and remitting the matter to the Planning Board of the Incorporated Village of North Hills for a further hearing on the release of the public site improvement performance bond and the recreational facilities maintenance bond after the receipt of certain written reports, with a directive to limit its consideration to areas encompassed within or covered by the current bonds.

Ordered that on the Court's own motion, the notice of appeal

is treated as an application for leave to appeal and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed, without costs or disbursements.

The Code of the Village of North Hills (hereinafter the Village Code) provides that when an application is made to the Planning Board of the Incorporated Village of North Hills (hereinafter the Planning Board) for the release or reduction of a performance bond or maintenance bond, "[a]ll improvements shall be inspected by the Village Code Official," who "shall make a written report to the [Planning] Board as to the results of such inspection, and the [Planning] Board shall not consider such reduction or release until it has received and considered such report" (Village Code § 150-79 [B]; § 150-81 [B]). Whether or not the Village Code Official was prevented from making his report by the petitioner's failure to provide him with certain surveys and a comparison chart he had requested, the Supreme Court properly concluded that the Planning Board lacked the authority to consider and determine the petitioner's applications for the release of a public site improvement performance bond and a recreational facilities maintenance bond without receiving and reviewing the required report (*see Webster Assoc. v Town of Webster*, 59 NY2d 220, 229-230 [1983]; *Matter of Scaglione v Zoning Bd. of Appeals of Town of New Hartford*, 212 AD2d 1006 [1995]).

The Supreme Court also properly concluded that the Planning Board exceeded its authority to the extent that it considered areas not within the scope of the bonds that were the subjects of the petitioner's applications (*see Matter of Wright v Town of La Grange*, 181 Misc 2d 625, 631, 633 [1999]). Moreover, the Supreme Court properly concluded that the Planning Board exceeded its authority to the extent that, in determining the petitioner's application for release of the public site improvement performance bond, it considered areas that were the subject of prior reductions in that bond (*cf. Matter of Kennedy v Zoning Bd. of Appeals of Town of N. Salem*, 205 AD2d 629, 631 [1994] [building inspector could not properly determine that use of property violated zoning ordinance when prior building inspector had reached opposite conclusion]). Accordingly, the order appealed from appropriately requires the Planning Board to "limit its consideration to areas encompassed within or covered by the current Performance Bond and Maintenance Bond."

With respect to the recreational facilities maintenance bond, although the completion of the required work previously resulted in the release of a performance bond relating to the

recreational facilities, the quality of the work is encompassed within or covered by the current maintenance bond (*see Town of Chester v Republic Ins. Co.*, 89 AD2d 959 [1982]). Thus, contrary to the appellants' contention, the order appealed from does not prohibit the Planning Board from considering defects in the construction of the recreational facilities in determining whether to release the recreational facilities maintenance bond.

The parties' remaining contentions are either unpreserved for appellate review or need not be reached in light of our determination. H. Miller, J.P., Cozier, Goldstein and Skelos, JJ., concur.