# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1193**
**CA 12-02342**
PRESENT: SMITH, J.P., CENTRA, FAHEY, CARNI, AND WHALEN, JJ.

---

ELLISON HEIGHTS HOMEOWNERS ASSOCIATION, INC.,
PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

ELLISON HEIGHTS LLC AND TOWN OF PENFIELD,
DEFENDANTS-RESPONDENTS,
ET AL., DEFENDANTS.
(APPEAL NO. 1.)

---

HARRIS BEACH PLLC, PITTSFORD (DOUGLAS A. FOSS OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

NIXON PEABODY LLP, ROCHESTER (CHRISTOPHER D. THOMAS OF COUNSEL), FOR
DEFENDANT-RESPONDENT ELLISON HEIGHTS LLC.

MCCONVILLE, CONSIDINE, COOMAN & MORIN, P.C., ROCHESTER (PETER J.
WEISHAAR OF COUNSEL), FOR DEFENDANT-RESPONDENT TOWN OF PENFIELD.

---

Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (William P. Polito, J.), entered September 4, 2012. The order and judgment, among other things, dismissed the first cause of action against all defendants and dismissed the remainder of the amended complaint against defendant Town of Penfield.

It is hereby ORDERED that the appeal from the order and judgment insofar as it concerns the easement over the emergency access driveway is dismissed and the order and judgment is unanimously modified on the law by deleting the fourth ordering paragraph insofar as it grants a declaration and as modified the order and judgment is affirmed without costs.

Memorandum: These consolidated appeals involve a dispute between landowners of two adjoining properties. The properties previously were owned as a single parcel, and in the late 1990s the owner of the property sought to develop the parcel into apartment buildings and townhome units as a cluster development pursuant to Town Law § 278. After the resolution of certain obstacles to approval, including ensuring compliance with this Court's 1999 decision regarding the zoning requirements (*Matter of Penfield Panorama Area Community v Town of Penfield Planning Bd.*, 253 AD2d 342), the Town of Penfield Planning Board (Planning Board) approved the application. The owner of the parcel subsequently conveyed it to a developer that, in turn, conveyed the property to Ellison Heights LLC (defendant).

In 2005, defendant applied to the Planning Board to amend the site plan for the cluster development. Defendant sought, inter alia, to reduce the number of townhomes on the property, increase the number of apartment units, and subdivide the property into two smaller parcels, with the townhomes developed on one parcel as Phase I of the project and the apartment buildings developed on the other parcel as Phases II and III of the project. The Planning Board eventually approved defendant's site plan and the subdivision of the parcel. Defendant thereafter began construction on the townhomes and sold the property on which the townhomes are located to plaintiff. Defendant retained the property on which the apartment buildings were to be constructed at some later date.

In 2011, defendant applied to the Planning Board to amend its site plan for the property that it had retained. Defendant sought to develop the property using the same density and open space restrictions established by the Planning Board in 1999, thereby incorporating the open space of plaintiff's property in its density calculation. Plaintiff thereafter commenced this action seeking, inter alia, declarations regarding its property rights pursuant to RPAPL article 15 (see RPAPL 1521 [1]). Plaintiff alleged, inter alia, that defendant had not reserved an easement over the private road on plaintiff's property known as Sable Oaks Lane, that defendant had no right to use the emergency access driveway or utilities located on plaintiff's property, and that defendant had no right to restrict development on plaintiff's property by using the open space located on plaintiff's property in defendant's calculation of the density of the development on its own property. Defendant, along with the individual defendants, moved to dismiss the amended complaint against them pursuant to CPLR 3211 (a) (1) and (7), and defendant Town of Penfield (Town) also moved to dismiss the amended complaint against it, contending, inter alia, that the Town is not a proper defendant to any of plaintiff's causes of action. By the order and judgment in appeal No. 1, Supreme Court dismissed the first cause of action against all defendants and dismissed the remainder of the amended complaint against the Town as well.

Plaintiff then moved pursuant to CPLR 3025 (c) for leave to amend the amended complaint, to conform the pleading to the order and judgment in appeal No. 1. Plaintiff sought leave to assert a new cause of action pursuant to RPAPL article 15 alleging that, because the court had declared that plaintiff's property was bound by the plat map filed in 2007, then defendant's property likewise was bound by that plat map, and defendant thus was prohibited from developing its property in a manner inconsistent with the plat map and the document referenced therein. By the order and judgment in appeal No. 2, the court denied plaintiff's motion on the ground that the proposed amendment was without merit.

Initially, we agree with defendant that plaintiff's appeal from the order and judgment in appeal No. 1 insofar as it concerns defendant's use of the emergency access driveway located on plaintiff's property must be dismissed as moot inasmuch as "changed circumstances prevent us 'from rendering a decision which would

effectually determine an actual controversy between the parties involved' " (*Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 810-811, *cert denied* 540 US 1017).  Plaintiff does not refute defendant's assertion that, during the pendency of this action, defendant submitted a revised site plan to the Planning Board that made no use of the emergency access driveway on plaintiff's property.  Contrary to plaintiff's contention, the exception to the mootness doctrine does not apply (*see generally Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715; *Matter of Gannett Co., Inc. v Doran*, 74 AD3d 1788, 1789).

We reject plaintiff's contention in appeal No. 1 that the court erred in granting the Town's motion with respect to the RPAPL cause of action against it.  The Town will not "be inequitably affected by a judgment in the action" (CPLR 1001 [a]), nor does the Town "have an estate or interest in the real property which may in any manner be affected by the judgment" (RPAPL 1511 [2]).  Thus, contrary to plaintiff's contention, the Town is not a necessary party to the RPAPL article 15 cause of action (*see Boccardi v Horn Constr. Corp.*, 204 AD2d 502, 502).

Addressing next the propriety of the order and judgment in appeal No. 1 with respect to defendant, we note that, although plaintiff's cause of action against defendant pursuant to RPAPL article 15 also sought declarations regarding defendant's use of Sable Oaks Lane and utilities located on plaintiff's property, plaintiff has abandoned any contention regarding the utilities or defendant's easement over Sable Oaks Lane by failing to address those issues in its brief (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984).  Thus, the only remaining issue in appeal No. 1 with respect to that cause of action against defendant concerns the density and open space conditions that restrict further development on plaintiff's property.

Plaintiff contends in appeal No. 1 that, in dismissing the first cause of action against defendant, the court erred in determining that documents on file with the Town permanently encumber and restrict further development of plaintiff's property.  According to plaintiff, those documents, which reference the density and open space restrictions for the cluster development, are not within its chain of title and thus cannot form the basis for an encumbrance on its property.  We reject that contention, inasmuch as defendant is correct that the density and open space restrictions on further development of plaintiff's property are the result of zoning regulations and do not amount to encumbrances that must be recorded in plaintiff's chain of title (*see O'Mara v Town of Wappinger*, 9 NY3d 303, 309-311).  Here, the Planning Board imposed the density and open space restrictions at issue when it originally approved the cluster development in 1999 (*see* Town Law § 278 [3] [b]).  Defendant's subsequent 2005 application made use of those same density and open space restrictions, despite the subdivision of the property into two parcels, and the application was approved by the Planning Board.  "The use that may be made of land under a zoning ordinance and the use of the same land under an easement or restrictive covenant are, as a general rule, separate and

distinct matters, the ordinance being a legislative enactment and the easement or covenant a matter of private agreement" (*Matter of Friends of Shawangunks v Knowlton*, 64 NY2d 387, 392).  We conclude that here, as in *O'Mara*, the density and open space conditions that restrict further development of plaintiff's property are the result of the Town's "ability to impose such conditions on the use of land through the zoning process," which conditions are "meaningless without the ability to enforce those conditions, even against a subsequent purchaser" (*O'Mara*, 9 NY3d at 311).  Indeed, it is well settled that, " 'where a person agrees to purchase real estate, which, at the time, is restricted by laws or ordinances, he will be deemed to have entered into the contract subject to the same [and] [h]e cannot thereafter be heard to object to taking the title because of such restrictions' " (*Voorheesville Rod & Gun Club v Tompkins Co.*, 82 NY2d 564, 570-571, quoting *Lincoln Trust Co. v Williams Bldg. Corp.*, 229 NY 313, 318).

Inasmuch as the density and open space restrictions are the result of the zoning process, not property encumbrances that must be recorded in plaintiff's chain of title, we further conclude that dismissal of plaintiff's RPAPL article 15 cause of action, rather than the issuance of declarations pursuant to RPAPL 1521 (1), was the proper remedy (*see generally O'Mara*, 9 NY3d at 309-311).  By using the density and open space restrictions on plaintiff's property in its calculation of the density and open space for the proposed development on its own property, defendant did not "claim an estate or interest in [plaintiff's] real property, adverse to that of the plaintiff" (RPAPL 1515 [1] [b]), and plaintiff thus may not challenge those zoning restrictions pursuant to an RPAPL article 15 cause of action.  We therefore modify the order and judgment by deleting from the fourth ordering paragraph the declaration that "the Phase I property is subject to the plat map as filed in 2007."

Finally, we conclude with respect to the order and judgment in appeal No. 2 that the court properly denied plaintiff's motion for leave to amend the amended complaint inasmuch as the proposed amendments are patently lacking in merit (*see generally Bryndle v Safety-Kleen Sys., Inc.*, 66 AD3d 1396, 1396).  As the court properly noted, either party could apply to the Planning Board for modification of the density and open space restrictions on its property and, if plaintiff disagreed with the Planning Board's determination, plaintiff's remedy would be to commence a proceeding pursuant to CPLR article 78 after exhausting its administrative remedies.

Entered:  December 27, 2013                    Frances E. Cafarell
                                               Clerk of the Court