13-1740-cv
*Schweitzer v. Crofton et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of March, two thousand fourteen.**

PRESENT:
> PIERRE N. LEVAL,
> SUSAN L. CARNEY,
> > *Circuit Judges*,
> KATHERINE POLK FAILLA,
> > *District Judge.* [*]

---

IRWIN AND LINDA SCHWEITZER, as representatives of the estate of Victoria Schweitzer, deceased, and as next friends to J.S.,

> *Plaintiffs-Appellants*,

> v.                                                                              No. 13-1740-cv

LISA CROFTON, personally, SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, AND STONY BROOK UNIVERSITY MEDICAL CENTER,

> *Defendants-Appellees*,

DARLENE GELIN, personally,

> *Defendant.* [**]

---

[*] The Hon. Katherine Polk Failla, of the United States District Court for the Southern District of New York, sitting by designation.

[**] The Clerk of Court is directed to amend the official caption in this case to conform to the above listing of the parties.

FOR PLAINTIFFS-APPELLANTS: WILLIAM MICHAEL BROOKS, Touro College Mental Disability Law Clinic, Central Islip, NY.

FOR DEFENDANTS-APPELLEES
LISA CROFTON AND SUFFOLK COUNTY
DEPARTMENT OF SOCIAL SERVICES: CHRISTOPHER MICHAEL GATTO (Dennis M. Brown, *on the brief*), Suffolk County Department of Law, Hauppauge, NY.

FOR DEFENDANT-APPELLEE STONY
BROOK UNIVERSITY MEDICAL CENTER: MARK SHAWHAN, Assistant Solicitor General, *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brodie, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

This case arises from the emergency removal of Victoria Schweitzer's infant daughter, J.S., from Stony Brook University Medical Center ("Stony Brook" or the "Hospital") on Saturday, May 28, 2005, eleven days after J.S.'s birth. Plaintiffs-Appellants Irwin and Linda Schweitzer bring this action as representatives of the estate of Victoria (their daughter, who is now deceased) and on behalf of J.S., their granddaughter. On appeal, Plaintiffs challenge the September 1, 2010 order of the District Court dismissing pursuant to Federal Rule of Civil Procedure 12(b)(6) their claims against Defendant-Appellee Stony Brook, brought under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*, and section 504 of the Rehabilitation Act, 29 U.S.C. § 794. Plaintiffs also appeal from the District Court's March 25, 2013 order granting summary judgment in favor of Defendants-Appellees Suffolk County Department of Social Services ("DSS" or the "Department") and DSS caseworker Lisa Crofton (collectively, the "County Defendants") on Plaintiffs' claims under the ADA and the Rehabilitation Act, the Fourteenth Amendment's Due

2

Process Clause, and the Fourth Amendment, and denying Plaintiffs' cross-motion for partial summary judgment. Finally, Plaintiffs challenge the District Court's decision to deny their motion to amend their complaint to substitute Suffolk County for DSS as a defendant. For their part, the County Defendants argue that, by virtue of the *Rooker-Feldman* doctrine, the District Court did not have jurisdiction over Plaintiffs' claims. They also contend that Plaintiffs are collaterally estopped by a New York Family Court decision from pursuing their claims.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## A. Standard of Review

We review *de novo* a district court's dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff[s'] favor." *Bryant v. N.Y. State Educ. Dep't*, 692 F.3d 202, 210 (2d Cir. 2012) (internal quotation marks omitted). To survive a Rule 12(b)(6) motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

We review the District Court's decision to grant summary judgment under the same *de novo* standard and, in the course of that review, we resolve ambiguities and draw all permissible factual inferences in favor of the nonmoving party. *See Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010). Summary judgment is appropriate when the available facts show that "there is no genuine dispute as to any material fact" and that the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the record taken as a whole could not lead a rational trier of fact to find for

3

the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). Finally, we review the denial of leave to amend a complaint for abuse of discretion, "unless the denial was based on an interpretation of law, in which case the legal conclusion is reviewed *de novo.*" *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010).

### B. *Rooker-Feldman* and Collateral Estoppel

The County Defendants argue that the District Court lacked jurisdiction over Plaintiffs' claims because of the *Rooker-Feldman* doctrine, which bars lower federal courts from adjudicating cases brought by "state-court losers" challenging "state-court judgments rendered before the district court proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Because a *Rooker-Feldman* challenge to the District Court's subject matter jurisdiction implicates our own jurisdiction to adjudicate this action, we address this argument first.

The *Rooker-Feldman* doctrine applies when a suit meets four requirements: (1) "the federal-court plaintiff must have lost in state court"; (2) "the plaintiff must complain of injuries caused by a state-court judgment"; (3) "the plaintiff must invite district court review and rejection of that judgment"; and (4) "the state-court judgment must have been rendered before the district court proceedings commenced." *Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009) (internal quotation marks and brackets omitted). Here, the *Rooker-Feldman* doctrine does not preclude Plaintiffs' claims because Plaintiffs do not seek "review and rejection" of any state-court judgment. As the District Court correctly explained, Plaintiffs challenge neither the June 2, 2005 Family Court order that placed J.S. in the temporary custody of Victoria's parents, nor the October 20, 2005 order that granted Victoria and her parents joint custody of J.S. Instead, they challenge only the emergency removal of J.S. from Stony Brook on May 28, 2005. That removal preceded any state court involvement. Accordingly, the *Rooker-Feldman* doctrine has no bearing here.

4

Similarly, and contrary to the County Defendants' position, Plaintiffs' claims are not barred by collateral estoppel. Under New York law, collateral estoppel has two "essential elements." *Jenkins v. City of New York*, 478 F.3d 76, 85 (2d Cir. 2007). "'First, the identical issue necessarily must have been decided in the prior action and be decisive of the present action, and second, the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination.'" *Id.* (quoting *Juan C. v. Cortines*, 679 N.E.2d 1061, 1065 (N.Y. 1997)). Here, the Family Court never adjudicated the issue underlying Plaintiffs' claims against the County Defendants — that is, whether the County Defendants had a reasonable basis to effect an emergency removal of J.S. on May 28, 2005. Accordingly, Plaintiffs have not identified any issue that is "identical to an issue necessarily decided" in the Family Court action. *See Conte v. Justice*, 996 F.2d 1398, 1400 (2d Cir. 1993).

## C. ADA and Rehabilitation Act Claims

On appeal, Plaintiffs argue that Stony Brook and DSS violated Victoria's rights under the ADA and the Rehabilitation Act by judging her fitness to care for J.S. based on "stereotypic views" of individuals with mental illness.[1] The District Court dismissed these claims against Stony Brook pursuant to Rule 12(b)(6), and granted summary judgment on these claims in DSS's favor.

To state a prima facie claim under either the ADA or the Rehabilitation Act, a plaintiff must allege: "(1) that she is a 'qualified individual' with a disability; (2) that she was excluded from participation in a public entity's services, programs or activities or was otherwise discriminated against by a public entity; and (3) that such exclusion or discrimination was due to her disability." *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009) (internal quotation marks and brackets omitted). Here,

---

[1] Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Similarly, section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a).

5

the complaint alleges that the County Defendants — not the Hospital — removed J.S. from Victoria's custody on May 28, 2005. Because Plaintiffs do not allege that the Hospital took any discriminatory action, the District Court properly dismissed their claims against it.

The District Court also properly awarded summary judgment in DSS's favor on Plaintiffs' ADA and Rehabilitation Act claims because Plaintiffs failed to raise a genuine issue of fact with respect to whether DSS discriminated against Victoria because of her disability. To the contrary, as explained in detail by the District Court, the record evidence establishes that before deciding to remove J.S. to emergency foster care, DSS took several steps: it conducted a careful investigation regarding Victoria's past medical history and her behavior after J.S.'s birth; consulted with several different specialists who were overseeing Victoria's treatment; and determined that confiding the infant to Victoria's care posed an imminent threat to J.S.'s safety. The record contains no basis upon which a reasonable jury could conclude that DSS's decision to remove J.S. was made for discriminatory reasons. Accordingly, DSS was entitled to an award of summary judgment in its favor. *See Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 88, *opinion corrected*, 511 F.3d 238 (2d Cir. 2004).

### D. Constitutional Claims and Motion to Amend

Plaintiffs next argue that the District Court erred in dismissing their claims against the County Defendants for alleged violations of Victoria's procedural due process rights, and of J.S.'s Fourth Amendment right to be free from unreasonable searches and seizures.

"As a general rule . . . before parents may be deprived of the care, custody, or management of their children without their consent, due process — ordinarily a court proceeding resulting in an order permitting removal — must be accorded to them." *Southerland v. City of New York*, 680 F.3d 127, 149 (2d Cir. 2012) (internal quotation marks omitted). In emergency circumstances, however, "a child may be taken into custody by a responsible State official without court authorization or

6

parental consent." *Id.* (internal quotation mark omitted). To show that emergency circumstances existed, "the government must offer 'objectively reasonable' evidence that harm was imminent." *Id.* (internal quotation marks and brackets omitted); *see also Tenenbaum v. Williams*, 193 F.3d 581, 594 (2d Cir. 1999) ("Emergency circumstances mean circumstances in which the child is immediately threatened with harm."). Here, the parties agree that when — at the start of a holiday weekend — DSS authorized J.S.'s removal, it did not have enough time to seek judicial authorization. The only question on appeal, then, is whether a reasonable jury could find that the County Defendants lacked objectively reasonable evidence that an emergency existed.

Having conducted an independent and *de novo* review of the record, we conclude, for substantially the same reasons as are stated by the District Court in its March 25, 2013 order, that the record contains ample objective evidence that an emergency existed warranting J.S.'s removal, and no reasonable jury could find that the County Defendants violated Victoria's procedural due process rights. For the same reasons, we see no merit in Plaintiffs' claim that the County Defendants violated J.S.'s Fourth Amendment right to be free from unreasonable searches and seizures. *See Tenenbaum*, 193 F.3d at 605.

In addition, DSS caseworker Crofton is entitled to qualified immunity on Plaintiffs' due process and unlawful seizure claims, because it was "objectively reasonable" for Crofton to believe "that there was an immediate threat to the safety of [J.S.] and a risk that [J.S.] would be left bereft of care and supervision." *Doe v. Whelan*, 732 F.3d 151, 155 (2d Cir. 2013) ("[Q]ualified immunity shields from liability state officials tasked with choosing between interrupting parental custody or risking injury to the child 'provided that there is an objectively reasonable basis for their decision, *whichever way they make it.*'" (quoting *Tenenbaum*, 193 F.3d at 596) (emphasis in original).

The District Court also properly dismissed Plaintiffs' constitutional claims against DSS because DSS is not a legal entity subject to suit under 42 U.S.C. § 1983. *See Nnebe v. Daus*, 644 F.3d

147, 158 n.6 (2d Cir. 2011).  Moreover, the District Court did not err in denying Plaintiffs' motion to amend their complaint to name Suffolk County as a defendant and pursue a failure to train claim under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978).  "*Monell* does not provide a separate cause of action for the failure by the government to train its employees; it *extends* liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation."  *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006).  Because we agree with the District Court that Plaintiffs did not raise a genuine issue of fact with respect to whether J.S.'s removal violated Victoria's or J.S.'s constitutional rights, Plaintiffs' motion to amend was properly denied as futile.

## CONCLUSION

We have reviewed the record and considered Plaintiffs' remaining arguments on appeal, and find them to be without merit.  For the reasons set out above, we **AFFIRM** the judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

8