14-4568-cv
*Fernandez v. Turetsky*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of April, two thousand sixteen.

PRESENT:  AMALYA L. KEARSE,
JOSÉ A. CABRANES,
DENNY CHIN,
*Circuit Judges.*

_____

EDWIN FERNANDEZ,

*Plaintiff-Appellant,*                    14-4568-cv

v.

VICKY TURETSKY, Commissioner of United States Health and Human Services, Office of Child Support Enforcement, JOYCE A. THOMAS, Regional Administrator Region II (New York), United States Department of Health and Human Services, Office of Child Support Enforcement, THOMAS H. MATTOX, Commissioner, New York State Department of Taxation and Finance, ROBERT DOAR, Commissioner, New York City Human Resources Administration, C. DUNCAR KERR, Deputy Tax Commissioner, New York State Department of Taxation and Finance, Office of Child Support Enforcement, MARGARET RAMSAY, Tax Compliance Agent, New York State Department of Taxation and Finance, PATTY WHITFORD, Tax Compliance Agent, New York State Department of Taxation and

1

Finance, Child Support Enforcement Section,

*Defendants-Appellees,*

GEORGIA BROWN, Tax Compliance Agent, New
York State Department of Taxation and
Finance, Child Support Enforcement,

*Defendant.*[*]

---

**FOR PLAINTIFF-APPELLANT:** Edwin Fernandez, *pro se*, Staten Island, NY.

**FOR FEDERAL DEFENDANTS-APPELLEES:** Varuni Nelson, Kathleen A. Mahoney, Assistant United States Attorneys, *for* Kellie T. Currie, Acting United States Attorney, Eastern District of New York, Brooklyn, NY.

**FOR DEFENDANTS-APPELLEES MATTOX, KERR, RAMSAY, AND WHITFORD:** Barbara D. Underwood, Solicitor General (Claude S. Platton, Philip V. Tisne, Assistant Solicitors General, *of counsel*), *for* Eric T. Scheiderman, Attorney General of the State of New York, New York, NY.

**FOR DEFENDANT-APPELLEE DOAR:** Deborah A. Brenner, Ronald E. Sternberg, Assistant Corporation Counsel, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Sandra L. Townes, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-appellant Edwin Fernandez ("Fernandez"), proceeding *pro se*, appeals from a November 10, 2014 judgment of the District Court, which followed a November 5, 2014 order dismissing his complaint for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine.

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

Fernandez had sought compensatory and punitive damages pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights in connection with the enforcement of child support obligations as determined by state courts. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a dismissal for lack of subject-matter jurisdiction, including under *Rooker-Feldman*. *Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009). The *Rooker-Feldman* doctrine provides that federal district courts lack subject-matter jurisdiction to review "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

We have identified "four 'requirements' that must be met before" that doctrine is applicable. *Green*, 585 F.3d at 101. The District Court properly ruled that each requirement is met here.

(1) "[T]he federal-court plaintiff must have lost in state court." *Id.* (internal quotation marks omitted). Here, Fernandez challenges an adverse 2007 state-court judgment setting child support arrears and the 2008 denial of his petition under N.Y. C.P.L.R. Article 78, in which a state court rejected his challenge to enforcement of the arrears.

(2) "[T]he plaintiff must complain of injuries caused by [the] state-court judgment." *Id.* (alterations and internal quotation marks omitted). Here, Fernandez alleges injuries, such as the seizure of his cars, stemming from the 2007 and 2008 state-court judgments. *Cf. Sykes v. Bank of Am.*, 723 F.3d 399, 403–04 (2d Cir. 2013) (finding the *Rooker-Feldman* doctrine inapplicable where a plaintiff did "not complain of injuries caused by a state court judgment" or "challenge the validity or enforcement of the child support order itself," but only challenged a garnishment that had not been approved by any state court).

(3) "[T]he plaintiff must invite district court review and judgment of [the state-court] judgment." *Green*, 585 F.3d at 101 (alterations and internal quotation marks omitted). Here, the District Court would have had to overturn the state-court judgments in order for Fernandez to prevail on his constitutional claims. He therefore sought review and rejection of those state-court judgments.

(4) "[T]he state-court judgment must have been rendered before the district court proceedings commenced." *Id.* (internal quotation marks omitted). Here, Fernandez filed his federal complaint in 2012, after the entry of the two state-court judgments.

Fernandez's arguments to the contrary are without merit. First, he argues that the *Rooker-Feldman* doctrine does not apply because no state court specifically addressed the illegal seizure of his

cars. But that doctrine applies when "a federal suit complains of injury from a state-court judgment, even if it appears to complain only of a third party's actions, when the third party's actions are *produced* by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it." *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 88 (2d Cir. 2005) (emphasis supplied). The seizure of Fernandez's cars is an injury "produced by" or caused by the state-court judgment setting arrears. *See id.* Second, Fernandez asserts that the doctrine does not apply because his case concerns child support, while *Rooker* involved a decision regarding property in a trust, and *Feldman* involved bar admission. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 417 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). But the *Rooker-Feldman* doctrine is not limited to the exact factual situations that arose in those cases. *See, e.g.*, *Hoblock*, 422 F.3d at 85–92.

## CONCLUSION

We have reviewed all of the arguments raised by Fernandez on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4